**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VICKIE MCCOY,

Plaintiff,

v. Case No.: 3:25-cv-510-WWB-LLL

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

# ORDER

THIS CAUSE comes before the Court on Plaintiff's Complaint (Doc. 1) filed on May 6, 2025, seeking judicial review under 42 U.S.C. § 405(g) of a final decision by the Commissioner of the Social Security Administration ("**Commissioner**") denying Plaintiff's application for Social Security Disability Benefits. United States Magistrate Judge Laura Lothman Lambert issued a Report and Recommendation ("**R&R**," Doc. 17) recommending that the Commissioner's final decision be affirmed. Plaintiff filed Objections (Doc. 18).

## I. LEGAL STANDARDS

### A. Objections to an R&R

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's

report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

**B. Social Security**

To determine whether a Social Security claimant qualifies as disabled, the Commissioner uses a five-step sequential evaluation process, which considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The claimant primarily bears the burden of proving disability, but the burden temporarily shifts to the Commissioner at step five. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

Review of the Commissioner's final decision as to disability is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted). "Substantial evidence is more than a scintilla and is such relevant

evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). District courts must review the record as a whole and may not reweigh facts or substitute their own judgment for that of the Commissioner. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The Commissioner, however, must "state with at least some measure of clarity the grounds for his decision" and will not be affirmed "simply because some rationale might have supported" the disability determination. *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

## II. DISCUSSION

In her initial Brief (Doc. 14), Plaintiff argued that the Administrative Law Judge ("**ALJ**") erred in two ways: (1) the ALJ "cherry picked" the medical records for evidence not supportive of Plaintiff's disability claim while ignoring evidence that supported greater limitations; and (2) the ALJ used "boilerplate" language in rejecting Plaintiff's subjective complaints and failed to articulate explicit reasons for his determination. In her R&R, the Magistrate Judge found that the ALJ had in fact considered the medical evidence cited in Plaintiff's opening Brief and concluded that Plaintiff's argument merely invited the Court to reweigh the evidence, which it cannot do. As to the second argument, the Magistrate Judge agreed that the ALJ used boilerplate language but found that the ALJ also provided sufficient additional details to meet the requirements and that his determination is supported by substantial evidence. Plaintiff objects to both conclusions.

Plaintiff's objections largely rely on and reiterate the arguments raised in her briefing. With respect to the first issue, Plaintiff does not dispute that the ALJ discussed the evidence cited in her briefing. However, she argues that the record does not reflect that the evidence was afforded proper consideration and that the ALJ's determination was

not reasonable based on the evidence. Having reviewed the record and Plaintiff's arguments, the Court agrees that Plaintiff is asking the Court to reweigh the evidence. The ALJ clearly reviewed and considered the record as a whole and his decision is supported by substantial evidence in the record. Therefore, Plaintiff's first objection will be overruled.

Turning to the second issue, Plaintiff raises a cursory objection to the conclusion that the use of boilerplate language is proper. However, the use of "[b]oilerplate language is not necessarily objectionable—lawyers and judges alike cut and paste language rather than reinventing the wheel and saying the same thing in different ways. What matters is whether the ALJ went beyond the boilerplate language, analyzed the record, and made individualized findings." *Signorello v. Comm's Soc. Sec.*, No. 6:19-cv-1470-Orl, 2020 WL 4905401, at *5 (M.D. Fla. July 31, 2020) (quotation omitted), *report & recommendation adopted*, 2020 WL 4904642 (M.D. Fla. Aug. 20, 2020). Here, as the Magistrate Judge noted, the ALJ's analysis went beyond the use of boilerplate language and Plaintiff has not made any compelling argument to the contrary.

Plaintiff also argues that the ALJ placed too much reliance on the medical evidence, failed to consider any of the reasons for Plaintiff declining to undergo treatment or gaps in treatment, and erred in considering Plaintiff's past work activities instead of her activities of daily living. With respect to the weight placed on the medical evidence, Plaintiff's argument is misplaced. As the Magistrate Judge stated, the ALJ's determination that Plaintiff's subjective symptoms were not consistent with the medical evidence is supported by substantial evidence in the record. But this is not the only basis for the ALJ's conclusion. Although not stated explicitly, implicit in the ALJ's analysis and the

evidence cited regarding Plaintiff's subjective symptoms is his conclusion that Plaintiff frequently complained of greater symptoms than could be confirmed by medical experts and the record contains evidence of exaggeration and malingering. (*See* Doc. 10-2 at 21 (noting that "the claimant has many complaints without confirmation by medical evidence" and that claimant presented with a cane at consultative exams despite having no record of being prescribed a cane)). Thus, while Plaintiff argues that "pain alone can be disabling, even when its existence is unsupported by objective evidence," *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995), the ALJ made a reasoned and articulated determination that the objective evidence did not support a disabling level of impairment and Plaintiff's subjective statements regarding her symptoms were not sufficiently reliable to support such a finding either. The ALJ did not place improper weight on the medical evidence.

To the extent that Plaintiff argues that the ALJ failed to articulate any consideration of the reasons Plaintiff rejected treatment or the lack of treatment and that the ALJ should have considered Plaintiff's activities of daily living, these arguments were not raised in either Plaintiff's initial Brief or her Reply (Doc. 16). *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Furthermore, Plaintiff's argument regarding the weighing of her failure to undergo treatment is conclusory. Plaintiff simply states that "the ALJ's analysis does not include any consideration for reasons why Ms. McCoy may have declined to undergo treatment or any other reasonable explanation for the gaps in treatment as required by the regulations," but fails to direct the Court to any evidence in the record that the ALJ should

have, but failed to, consider or to otherwise argue why this failure warrants a remand in this case. (Doc. 18 at 5). Similarly, with respect to the ALJ's use of Plaintiff's work activities as a proxy for her activities of daily living, Plaintiff states only that "[t]he Magistrate's expansion of the ALJ's analysis is improper,"—without any citation to legal authority—and that "a host of courts within this Circuit have found that limited activities of daily living do not undermine a claim for disability." (*Id.* at 6). Plaintiff does not, however, provide any legal authority for the proposition that the ALJ's consideration of Plaintiff's daily activities in her handywoman business was improper, *see Cavarra v. Astrue*, 393 F. App'x 612, 614 (11th Cir. 2010) (holding that the ALJ erred in emphasizing that various activities of daily living were inconsistent with the ability to perform work because "these somewhat minimal daily functions [we]re not comparable to typical work activities"), and does not otherwise direct the Court to any record evidence supporting her contention that the ALJ failed to meet the requisite standard. Therefore, Plaintiff's second objection will also be overruled.

## III. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 18) are **OVERRULED**.
2. The Report and Recommendation (Doc. 17) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
3. The Commissioner's final decision is **AFFIRMED**.
4. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on August 11, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record